■ INTELECTRON, INC., v. SUPERIOR TOOL & DIE COMPANY. SUPERIOR TOOL & DIE COMPANY v. CHARLES F. SIMONELLI et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ BENJAMIN BATTISTELLA v. SOCIETY OF THE NEW YORK HOSPITAL.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before August 11, 1959, with notice of argument for the September 1959 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. GEORGE BIRCH.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. PAUL H. MARTINSON.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. CHRISTOPHER ROMANO.— Enlargement of time granted. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ LUCILLE M. FERGUSON, Individually and as Receiver, v. 444 WEST 55TH STREET CORPORATION et al. PAUL WOLFE v. JOSEPH B. FERGUSON.— Motion granted and the appeal taken by defendant-appellant from the judgment entered September 5, 1958, dismissed, without prejudice, however, to an application in this court, under section 107 of the Civil Practice Act to correct the defects or supply the omissions in the notice of appeal and/or in the service thereof and, thereupon, to reinstate said appeal. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.

■ SIDNEY STONE v. MARK GOODSON et al., Doing Business as GOODSON-TODMAN PRODUCTIONS.— Motion granted, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

## (May 11, 1959)

■ COLUMBIA BROADCASTING SYSTEM, INC., v. PATRICK A. McDONOUGH, as President of Bluprint, Photostat and Photo Employees Union, Local 24910, AFL–CIO, et al.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

## (May 12, 1959)

■ BEN RUBIN, Doing Business as ISLAND FACTORS COMPANY, Respondent, v. FREEMAN ELECTRIC CONSTRUCTION CO., INC., Defendant, and MAURICE FREEMAN, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered February 4, 1959, in New York County, which granted a motion by plaintiff for an order issuing an execution against the person of the appellant.

MEMORANDUM BY THE COURT. Undisputed on this record and in the briefs filed on the appeal is the fact that the cause of action originally sued upon was one under which an order of arrest might have issued (Civ. Prac. Act, § 826). No question has been raised, moreover, that such cause of action fell under subdivisions 3 and 5 of section 826. Of course, if the cause of action fell within